UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>John R. Griffin, Jr.</u>

    v.                                                                                Case No. 23-cv-493-JL-TSM

<u>Summit Properties</u>

**<u>REPORT AND RECOMMENDATION</u>**

Pro se plaintiff, John Griffin, Jr., filed a complaint (Doc. No. 1) against defendant, Summit Properties, challenging defendant's COVID-19 vaccination policy. His complaint is before the undersigned Magistrate Judge for preliminary review. <u>See</u> LR 4.3(d)(2); <u>see also</u> 28 U.S.C. § 1915(e)(2). For the following reasons, the undersigned recommends the District Judge dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

**<u>Preliminary Review Standard</u>**

The magistrate judge conducts a preliminary review of pleadings filed in forma pauperis. <u>See</u> LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. <u>See</u> Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations and construes reasonable inferences in plaintiff's favor. <u>See</u> Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**

In his complaint, plaintiff alleges he applied for a position as a community manager with Summit Properties on December 15, 2022. He alleges that the application inquired about the applicant's COVID-19 vaccine status and contained a statement that applicants "should be fully vaccinated against COVID-19 unless you have a valid religious or medical exemption." (Doc. 1, at 2). Plaintiff alleges that "within an hour of submitting the job application, [Summit Properties] emailed [plaintiff] back since [he] told them asking for vaccine status is a violation of federal HIPPA statutes." Id. at 3. Plaintiff's application was subsequently rejected. Notably, plaintiff does not allege that he requested a medical or religious exemption.

Plaintiff alleges that he suffered harm as a result of Summit Property's decision not to hire him on account of his position regarding the COVID-19 vaccine. He states that he now works in a factory setting, which exacerbated several of his pre-existing conditions and injuries, and which is otherwise detrimental to his health. Accordingly, plaintiff requests reconsideration for employment, a year's salary, and $20,000.00 for pain and suffering.

**Discussion**

I.      Claims Alleging Violations of Criminal Law

As an initial matter, plaintiff alleges defendant violated criminal statute 18 U.S.C. § 2331 ("The Patriot Act"). That statute, however, does not empower private citizens to institute criminal proceedings. See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ("[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983))." Similarly, plaintiff cites federal regulations applying "to all clinical investigations regulated by the Food and Drug Administration ("FDA") under sections 505(i) and 520(g) of the Federal Food, Drug, and Cosmetic Act, as well as clinical investigations that support applications

for research or marketing permits for products regulated by the Food and Drug Administration." 21 C.F.R. § 50.1 (detailing the scope of Part 50 "Protection of Human Subjects" pertaining to the Food and Drug Administration and the Department of Health and Human Services).  Neither regulation, however, provides plaintiff with a private right of action against defendant. Accordingly, the District Judge should dismiss Mr. Griffin's claims to the extent they assert violations of criminal law or FDA regulations.[1]

II.     Discrimination Claims

Plaintiff alleges that Summit Properties failed to hire him on account of his position regarding the COVID-19 vaccine. Construing the complaint liberally, the Court interprets plaintiff's complaint as asserting a discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.  Title VII provides "[i]t shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).  This prohibition encompasses "disparate treatment" discrimination, "where an employer has 'treated [a] particular person less favorably than others because of' a protected trait."  Ricci v. DeStefano, 557 U.S. 557, 577 (2009) (quoting Watson v. Fort Worth Bank & Tr., 487 U.S. 977, 985-86 (1988)).

To ultimately succeed on the claim, "[a] disparate-treatment plaintiff must establish 'that the defendant had a discriminatory intent or motive' for taking a job-related action." Ricci, 557

---

[1] Plaintiff also asserts that defendant violated the Nuremberg Code by implementing mandatory COVID-19 precautions.  "[A]s other courts have held, Covid-19 vaccine mandates are simply not equivalent to the forced experimentation on concentration camp victims that led to the writing of the Nuremberg Code." Anderson v. United Airlines, Inc., 577 F. Supp. 3d 1324, 1334-35 (M.D. Fla. 2021) (citations omitted); see also Bridges v. Houston Methodist Hosp., 543 F. Supp. 3d 525, 528 (S.D. Tex. 2021) ("Equating the injection requirement to medical experimentation in concentration camps is reprehensible.").

3

U.S. at 577. However, courts "have explicitly held that plaintiffs need not plead facts in the complaint that establish a prima facie case under Title VII." Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 24 (1st Cir. 2014). Rather, the complaint simply must contain facts that "plausibly allege" that the plaintiff experienced a discriminatory employment action. Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). "If a reasonable court can draw the necessary inference [of discrimination] from the factual material stated in the complaint, the plausibility standard has been satisfied." Savel v. MetroHealth Sys., 96 F.4th 932 (6th Cir. 2024). "After all, 'plausibility' occupies that wide space between 'possibility' and 'probability.'" Id.

Here, plaintiff alleges that Summit Properties requires applicants "be fully vaccination against COVID-19 unless you have a valid religious or medical exemption." (Doc. No. 1, at 2). Plaintiff contends this requirement perpetuates "coer[c]ion" on behalf of the World Health Organization (WHO) "to get as many people as possible to take the mRNA COVID-19 gene therapy that is known to cause myocarditis, unnatural clotting of blood vessels, stroke, heart attacks … and a host of other serious illnesses and death which involves acts dangerous to human life." Id. He further alleges that defendant's vaccination policies "are precisely the same as the Jim Jones cult in Guyana: 'The Koolaid [sic] only works if everyone drinks it.'" (Id. at 3). Plaintiff alleges that "[t]his policy of Summit Property Management is a crime against humanity in the name of mass formation hysteria, mental illness, to coerce others to engage in their fear based delusions." Id. Thus, in an effort to liberally construe plaintiff's complaint, the court construes plaintiff's claim as alleging religious discrimination.

Title VII defines "religion" as "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on

4

the conduct of the employer's business." 42 U.S.C. § 2000e(j). Plaintiff's claim, however, fundamentally fails absent any reference to any sincerely held religious beliefs.

> Title VII does not protect social, political, or economic views or personal preferences. Thus, objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or any other nonreligious concerns (including about the possible effects of the vaccine), do not qualify as religious beliefs, practices, or observances under Title VII.

U.S. Equal Emp. Opportunity Comm'n, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, § L at L.2, EEOC, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L (https://perma.cc/4Z6E-7XDK). Plaintiff's objections to the vaccine raise questions of long-term effects akin to those the EEOC stated do not qualify as religious beliefs. See also Mason v. Brown Cent. Sch. Dist., 851 F.2d 47, 51–52 (2d Cir. 1988) (chiropractic "view of the human body ... which rejects various types of drug and surgical intervention[s] in favor of a belief that 'health comes from within'" held not to be a religious belief for purposes of Title VII protection). Absent identification of a religious belief, or other protected class, "[v]accination status is not a class to which Title VII protections apply." Savel v. MetroHealth Sys., No. 22-CV-2154, 2023 WL 4490395, at *8 (N.D. Ohio July 12, 2023), aff'd in part, rev'd in part and remanded, 96 F.4th 932 (6th Cir. 2024). As such, the District Judge should dismiss plaintiff's Title VII claims.[2]

---

[2] In addition, Title VII requires that before a plaintiff can bring a lawsuit in court to allege unlawful discrimination, they must first file a timely charge with the EEOC or a state or local agency with authority to seek relief. 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). Congress has established an elaborate administrative procedure through the EEOC that is designed "to assist in the investigation of claims of ... discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation." Patterson v. McLean Credit Union, 491 U.S. 164, 180–81 (1989), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Plaintiffs must file a charge with the EEOC within one hundred and eighty days after "the alleged unlawful employment practice" occurred, or within 300 days after the alleged unlawful employment practice if they initially instituted proceedings with a state or local agency. 42 U.S.C. § 2000e-5(e)(1). To the extent plaintiff intended to claim that defendant's vaccination policy violated his rights under Title VII based on religion, the claim should be dismissed for failure to exhaust administrative remedies. 42 U.S.C. § 2000e-5(e)-(f).

**Conclusion**

For the foregoing reasons, the District Judge should dismiss the claims asserted in the complaint. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2); LR 7.2(d). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

**SO ORDERED.**

_____
Talesha L. Saint-Marc
United States Magistrate Judge

April 17, 2024

cc:     John R. Griffin, pro se